# Juniata County *v.* Overseers of the Poor of Mifflintown Borough, Appellants.

*Lunacy—Maintenance of the insane—Settlement—Husband and wife—Affidavit of defense.*

In an action against a borough to recover for the maintenance of an insane person in an asylum, an affidavit of defense is insufficient which avers that the insane person had no residence or settlement in the borough for the reason that her legal settlement was that of her husband's, who had been for a long time in another state. Such an affidavit is vague and indefinite, and the averment as to the legal settlement of the wife is a conclusion of law, and not a statement of fact.

*Lunacy—Maintenance of lunatics—Insane hospital—Notice to poor district.*

Under the Act of June 25, 1895, P. L. 270, the parties, persons, or poor district properly chargeable with the expenses incurred for the maintenance of an insane person in a hospital, are not entitled to notice of the proceedings at their inception, by which such insane person is placed in a hospital.

Argued March 11, 1902. Appeal, No. 9, March T., 1902, by defendant, from judgment of C. P. Juniata Co., Sept. T., 1900, No. 102, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of county of Juniata v. Overseers of the Poor of the Borough of Mifflintown. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover for the maintenance of an insane pauper.

The statement of claim was as follows:

That on December 30, 1895, Fannie B. Caveny, of the borough of Mifflintown, in the county of Juniata and state of Pennsylvania, was duly found to be insane by a commission appointed by Jeremiah Lyons, president judge of the forty-first judicial district of Pennsylvania, and it was further found that the case was a suitable one for confinement in the Pennsylvania Lunatic Hospital, at Harrisburg, whereupon, by order of said president judge, Fannie B. Caveny was committed on or about December 30, 1895, to the Pennsylvania Lunatic Hospital, at

Harrisburg, where she still remains; that the said Fannie B. Caveny was, and the commission so found, a person without means, and that the expenses of her confinement would necessarily become a charge upon the public; that the residence and place of legal settlement of Fannie B. Caveny at the time of said confinement, was and still is the borough of Mifflintown, in the county of Juniata and state of Pennsylvania; that the county of Juniata has paid and expended large sums of money, to wit: the sum of $450.88 for the removal to and maintenance in said hospital of the said Fannie B. Caveny, an itemized statement of which expenditures is as follows: . . . .

That the poor district of the borough of Mifflintown was and is the legal settlement of Fannie B. Caveny and is liable and bound to reimburse the county of Juniata for the expenditures aforesaid, but the overseers of the poor of said poor district of the borough of Mifflintown have neglected and refused to pay and reimburse the county of Juniata for its expenditures so as aforesaid made or any part thereof, although frequently requested so to do.

Daniel Pannebaker and Daniel Reitz, overseers of the poor of the borough of Mifflintown, filed an affidavit of defense as follows:

That the said Fannie B. Caveny, the insane poor person, for the costs and expenses of whose keeping and confinement in the Pennsylvania State Lunatic Hospital, this suit is brought, is the lawful wife of H. Wayne Caveny, and at the time of her confinement or commitment to said hospital was the lawful wife of the said H. Wayne Caveny; that defendants are without information as to the residence or settlement of said Fannie B. Caveny at the time of her commitment, but that the residence and legal settlement of said H. Wayne Caveny is and has been for a long time in the county of Harvey, in the state of Kansas; that said Fannie B. Caveny has no residence or settlement in the borough of Mifflintown, and has had no residence or settlement in said borough for a long time; that her legal settlement is that of her husband, H. Wayne Caveny, in the county of Harvey, in the state of Kansas; that at the time of the commitment of the said Fannie B. Caveny to the said hospital by the court, the place of the settlement or residence of the said Fannie B. Caveny was not certified by the said court after due notice to

the authorities having charge of the poor in the borough of Mif-flintown, as required by law; that no certificate of her legal settlement or residence after notice to said authorities having charge of the poor in said borough was or has ever been given at any time before or since the said Fannie B. Caveny was confined in said hospital by order of court; that no notice of said proceedings for the confinement of said Fannie B. Caveny to said hospital, or of the court's orders or decrees in reference thereto, has ever been given to said authorities having charge of the poor in said borough.

Said defendants further say, that the said Fannie B. Caveny is not and has not been, such a poor person as required relief of any kind of nature whatever from the poor authorities; that she has an estate now in the hands of her committee, S. B. Caveny; that her husband, H. Wayne Caveny, is of sufficient means to provide for all the expenses and costs of keeping and maintaining her in said hospital; and that no order for the relief of said Fannie B. Caveny has ever been procured and delivered to the overseers of the poor of the borough of Mifflintown.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Frank M. Pennell,* with him *Louis E. Atkinson,* for appellants. —The Supreme Court has held that if a poor person, having a settlement in another state, should become insane in a poor district in this state, the county and not the township in which he resided should maintain him in the lunatic hospital: Juniata County v. Overseers of Poor of Delaware Twp., 107 Pa. 68.

Without certificate and notice there can be no recovery by the county in a suit at law for the expenses of the insane person in the Pennsylvania State Lunatic Hospital: Danville and Mahoning Poor District v. Montour County, 75 Pa. 35; Overseers of the Poor of Harmony Twp. v. Forest County, 91 Pa. 404; Franklin Twp. v. Penna. State Lunatic Hospital, 30 Pa. 522.

*J. Howard Neeley,* for appellee.—An affidavit of defense is insufficient, unless the material allegations are traversed: Terry v. Wenderoth, 147 Pa. 519; Peoples Mut. Fire Ins. Co. v.

Groff, 154 Pa. 200; Bank of U. S. v. Thayer, 2 W. & S. 443; Smith v. Hiester, 11 W. N. C. 353.

An affidavit not responsive to the averments of the statement is insufficient: Mack Paving Company v. Young, 166 Pa. 267; Columbus Land Company v. McNally, 172 Pa. 158; Wanner v. Emanuel's Church, 174 Pa. 466; Lord v. Ocean Bank, 20 Pa. 384.

The county of Juniata would have no remedy against any poor district in Kansas. The provision, by our poor laws, for the removal of paupers into other states is nugatory: Overseers of Limestown Twp. v. Overseers of Chillisquaque, 87 Pa. 294.

The case of Juniata County v. Overseers of the Poor of Delaware Township, 107 Pa. 68, is not in point, for there the insane person had no legal settlement in the township of Delaware when committed to the asylum, " but only a residence therein," and the county was made to bear the expenses of removal and maintenance under the Act of February 17, 1854, P. L. 85.

Under the act of June 25, 1895, no notice was required: Overseers of the Poor of Harmony Twp. v. County of Forest, 91 Pa. 404; Danville Hospital v. Overseers, 163 Pa. 175; Juniata County v. Overseers of Delaware Twp., 107 Pa. 68.

OPINION BY ORLADY, J., February 11, 1903:

From the record in this case it appears that Mrs. Fannie B. Caveny was committed to the Pennsylvania Lunatic Hospital, at Harrisburg, on December 30, 1895, under proceedings in lunacy in the court of common pleas of Juniata county, to No. 43, February term, 1896. The proceeding was had under section 6, of the act of April 20, 1869, viz: " Insane persons may be placed in a hospital by order of any court or law judge, after the following course of proceedings, namely: on statement, in writing, of any respectable person, that a certain person is insane, and that the welfare of himself or of others requires his restraint, it shall be the duty of the judge to appoint, immediately, a commission, who shall inquire into and report upon the facts of the case. The commission shall be composed of three persons, one of whom at least shall be a physician and another a lawyer; in their requisition they shall hear such evidence as may be offered touching the merits of the case, as

well as the statements of the party complained of or of his counsel; if, in their opinion, it is a suitable case for confinement, the judge shall issue his warrant for such disposition of the insane person as will secure the object of the measure."

The county of Juniata paid for the maintenance of Mrs. Caveny in the hospital and brought suit to recover from the defendant, alleging, in the statement filed, that "the residence and place of legal settlement of Mrs. Fannie B. Caveny, at the time of said confinement, was, and still is, the borough of Mifflintown, in the county of Juniata, and that the poor district of the borough of Mifflintown was, and is, liable and bound to reimburse the county of Juniata for the expenditures, which aggregate $450.88, from December 30, 1895, to June 1, 1900."

The affidavit of defense states "that defendants are without information as to the residence or settlement of said Fannie B. Caveny at the time of her commitment, but at the time of her confinement or commitment to said hospital, she was the lawful wife of H. Wayne Caveny, who is, and has been for a long time, in the county of Harvey, in the state of Kansas; that said Fannie B. Caveny has no residence or settlement in the borough of Mifflintown, and has had no legal settlement or residence in said borough for a long time; that her legal settlement is that of her husband, H. Wayne Caveny, in the county of Harvey, in the state of Kansas; that at the time of the commitment of the said Fannie B. Caveny to the said hospital by the court, the place of settlement or residence of said Fannie B. Caveny was not certified by the court after due notice to the authorities having charge of the poor in the borough of Mifflintown, as required by law; that no certificate of her legal settlement or residence, after notice to said authorities having charge of the poor in said borough, was or has ever been given it any time before or since the said Fannie B. Caveny was confined in said hospital by order of the court; and that no notice of said proceedings for the confinement of said Fanny B. Caveny to said hospital, or of the court's orders or decrees in reference thereto has ever been given to said authorities having charge of the poor in said borough." And further sets up that Mrs. Caveny was not such a poor person as would require relief of the kind furnished, and that she had an estate in her own right, and that her husband was of sufficient means

to provide for the expense and cost of maintaining her in the hospital. For want of a sufficient affidavit of defense a rule for judgment was made absolute, and judgment entered in favor of the plaintiff.

There are many acts of assembly relating to the care and maintenance of the indigent and criminal insane in this commonwealth, and the liability of relatives and poor districts has been presented to the appellate courts in many cases, some of which are in apparent conflict; but an examination of the authorities clearly shows a consistent interpretation of the particular statutes as they relate to the several insane asylums and hospitals to which persons may be committed. In disposing of this case it is not necessary to refer to any other acts of assembly than those of April 20, 1869, P. L. 78, under which Mrs. Caveny was legally committed to the hospital, and the Act of June 25, 1895, P. L. 270. These statutes are parts of a beneficent system for the care of the insane and they provide special proceedings which are not affected by other statutes.

The affidavit is contradictory, vague and indefinite as to the legal settlement of H. Wayne Caveny, who was alleged to have been for a long time in Kansas, as well as that of Fannie B. Caveny; and the allegation that Mrs. Caveny had no residence or settlement in the borough of Mifflintown for the reason that her legal settlement was that of her husband, is a conclusion of law and not a statement of fact. The facts not being clearly stated, the court below was warranted in entering the judgment as far as this phase of the case was concerned, as the averment of residence and place of legal settlement of Fannie B. Caveny, at the time of said confinement, is not denied with sufficient clearness to prevent judgment: Lord v. Ocean Bank, 20 Pa. 384; Overseers v. Overseers, 87 Pa. 294; Overseers v. Forest County, 91 Pa. 404. Whatever of doubt or uncertainty there may have been in regard to the ultimate liability for the maintenance of the insane, all technical complications were relieved by the Act of June 25, 1895, P. L. 270, entitled, "An act to define who shall be responsible for the maintenance of patients placed in hospitals for the insane by courts and judges in the different counties of this commonwealth," which is as follows: "That where any person is or shall be committed to the care and custody of any hospital for the insane by any court

or judge, in any county, in pursuance of the laws of this commonwealth, the county, from which said person has been sent or committed to said hosptial, shall be liable to said hospital for his or her maintenance therein, and said county shall, in all cases, have full recourse to recover all expenses incurred in behalf of said person so committed, from the parties or persons or poor district properly chargeable under the laws of this commonwealth."

There were many good reasons for requiring notice to be given to poor districts, and relatives who were to be ultimately liable for expenses incident to the maintenance of insane persons when the commitments were made under earlier acts of assembly to different asylums and hospitals, but under the act of 1895, the parties, persons or poor district, properly chargeable with such expenses, are not entitled to notice at the inception of the proceedings, for the reason that the act does not require it.

The legal settlement of Mrs. Caveny was adjudged by the court, on December 30, 1895, to be in the county of Juniata, so that said county's liability was fixed. Having a settlement established, it was not possible for her to change her status during her confinement in the asylum : Overseers v. Overseers, 18 W. N. C. 141 ; Overseers v. Overseers, 18 W. N. C. 143 ; Poor District v. Directors, 106 Pa. 446.

The assignments of error are overruled and the judgment is affirmed.