# Overseers of the Poor of Toby Township *versus* The Overseers of the Poor of Madison.

*Form of Judgment to be entered in cases of Removal of Paupers.—
Proper Settlement of Pauper.—Supreme Court has no Jurisdiction
on the Merits in Pauper Cases.*

1. The judgment of the Quarter Sessions in appeals from an order for the removal of a pauper should always be in accordance with the rule laid down in West Buffalo v. Walker Township, 8 Barr 180.

2. The settlement of a pauper is the place of his birth until he acquires another derivatively from his parents or by acts of his own.

3. The last place of a pauper's legal settlement, whether in or out of Pennsylvania, is liable to his support.

4. Where a son living with his father in one township, and thereby gaining a settlement therein, afterwards separates from his father and provides for himself, and subsequently the father removes to another township, the son, a minor, by living with his father in the last township a less time than is required for legal settlement, does not acquire by relation to his father a settlement in the last township.

CERTIORARI to the Quarter Sessions of *Clarion county.*

This was an appeal by the overseers of the poor of Madison township, from an order made by the Quarter Sessions for the removal of Jackson Platt, a lunatic, from Toby township, Clarion county.

On hearing the case and the testimony of the witnesses who were examined before a commissioner, the court below decreed "that the order made by the justices for the removal of the

[Overseers of Toby *v.* Overseers of Madison.]

pauper from Toby township to Madison township be and is hereby quashed, reversed, and set aside, and that the appellee, the township of Toby, pay the costs," &c. ; which order, with the ruling of the court below on the question of the settlement of the pauper, were assigned here for error.

The facts relative to the settlement of the pauper are fully stated in the opinion of this court.

*Lamberton* and *Lawson*, for the appellants, on the question of settlement, cited and relied on Lewis *v.* Trubet, 3 Harris 147 ; Act of June 13th 1836, § 12 ; The King *v.* The Inhabitants of Roach, 6 Term Rep. 252 ; Washington *v.* Beaver, 3 W. & S. 549 ; The King *v.* The Inhabitants of Everton, 1 East 526 ; and, as to the form of the order, relied on West Buffalo *v.* Walker Township, 8 Barr 95 ; 1 Jones 95.

*Corbett* and *Boggs*, for appellees, on the question of settlement : The King *v.* Roach, 6 Term Rep. 252 ; Washington *v.* Beaver, 3 W. & S. 549 ; Shippen *v.* Gaines, 5 Harris 38.

That the *certiorari* only brings up the record and not the evidence and opinion of the court below : Derry *v.* Brown, 1 Harris 389 ; Mauch Chunk *v.* Nescopeck, 9 Id. 46 ; Westmoreland county *v.* Conemaugh township, 10 Casey 231 ; South Huntingdon *v.* East Huntingdon, 7 Watts 529 ; and contended that, as the case had been decided in the court below on the merits, the order should be affirmed : citing Rex *v.* Bradenham, Burr. S. C. 394 ; Upper Milford *v.* Lower Macungie, 3 Wh. 71.

The opinion of the court was delivered, January 5th 1863, by WOODWARD, J.—The respective judgments which it is proper for Courts of Quarter Sessions to enter in appeal cases from the orders of removal of paupers, were clearly marked out by Chief Justice Gibson in the case of West Buffalo *v.* Walker Township, 8 Barr 180, and ought to be observed and followed. When it is considered that the question in such cases always is whether the pauper has been removed to his last place of legal settlement, and therefore that townships and districts which have no notice of the proceeding, and are not present to be heard, may be affected by the decree, it is important that the court should keep itself within strict rules of law. Under our statutes, the removal is to be to the place where the pauper was last legally settled, "*whether in or out of Pennsylvania,*" a provision which may open in some cases a very wide field of inquiry. Besides, appropriate judgments are necessary to avoid onerous costs of litigation. If the order of removal in this case was well taken, Madison township had a right to have it confirmed, and it was wrong to tempt Toby to further litigation by quashing it. Quash-

ing takes place only for informality or irregularity of proceeding, neither of which was alleged here.

The learned judge decided the case on the ground that the last legal settlement of the pauper was in Toby township, to which his father removed from Madison a few months before the pauper attained to his majority. Because he entered the wrong judgment, we reverse it and remand the record for further proceeding. We might perhaps correct it by entering the right judgment here, as we have the evidence and the opinion of the court fully before us, but these do not regularly belong to the record for us to act upon. And besides, if we were to pass upon the evidence we could not agree with the learned judge that the pauper's last place of legal settlement was in Toby, by derivation from his father. A fact sworn to by the father of the pauper and other witnesses seems to have escaped the notice of the judge, to wit, that the pauper had not made his father's house his home since a period of several years before the father moved from Madison to Toby. Jackson Platt, the pauper, was born in Madison township, November 31st 1828. His father had a settlement and continued to reside there until April 1849, when he removed to Toby, but Jackson had separated from his family since about 1845, " and has not made my house his home since," said the father. He had wandered about the neighbourhood, working sometimes in one township and sometimes in the other, but had apparently gained a settlement for himself in neither.

Now, if this was the state of facts, the order of removal ought to have been discharged or vacated, for, upon the authority of the cases cited in paper-book of the plaintiff in error, as well as according to several cases reported in 3 Burn's Justice 370, *et seq.*, it is manifest that Jackson derived from his father a settlement in Madison, and being emancipated from his father, gained no settlement through his father in Toby. As was said by Chief Justice Pratt in Eastwoodhey *v.* Westwoodhey, Strange's Rep. 438, " the question is not where this man was settled, but whether there appears a settlement of him in Eastwoodhey. If he had gone thither with his father as part of his family, possibly it might have been a settlement of him there, but by staying behind, he was divided from his father, and therefore there is no colour to make it a settlement in Eastwoodhey. I think his settlement is in Westwoodhey, which was the last place where he lived as part of his father's family." The authorities are concurrent in support of the doctrine that the settlement of a pauper is the place of his birth until he acquires another one derivatively from his parents or by acts of his own.

We could not, therefore, amend this judgment by entering that which the court intended to enter, and as we have no jurisdiction of the case upon its merits, we cannot enter the judgment

[Overseers of Toby *v.* Overseers of Madison.]

which ought to have been rendered. Our only duty is to reverse the order for quashing.

Order reversed, and record remanded with a *procedendo.*