# Great Bend Township Poor District, Appellant, *v.* Auburn and Rush Poor Asylum.

*Poor law—Order of removal—Justice of the peace.*

The fact that a pauper was not examined in the presence of both the justices of the peace who signed an order of removal, does not render the order invalid.

An order of removal is valid, although one of the justices of the peace who granted it was also one of the directors of the Poor Asylum to which the order was directed.

Argued March 30, 1895. Appeal, No. 314, Jan. T., 1895, by plaintiff, from order of Q. S. Susquehanna Co., Jan. T., 1889, No. 23, confirming an order of removal of a pauper. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Appeal from order of removal of a pauper.

The facts appear by the opinion of SEARLE, P. J., which was as follows:

"In this case the evidence establishes beyond a question, and without dispute, that the pauper was within the Poor District composed of the townships of Auburn, Rush, Springville and Forest Lake. That she was about to become a mother and had no means to care for herself; that being in this condition she applied to Jeremiah Stevens, a justice of the peace, was duly sworn and testified to these facts, making it the duty of two justices to grant an order of relief upon the Poor District; that the justice, Mr. Stevens, drew up an order of relief in the form laid down in Burns's Justice, signed it and procured the signature of another justice of the peace, J. A. Lyman, Esq., to it, by informing Esq. Lyman of the facts as sworn to by the pauper.

"This order of relief was taken and delivered to the directors of the Poor Asylum of the Poor District, and in obedience to its mandates such relief was furnished the pauper as her condition required.

"Esq. Stevens, before whom the complaint was made, and who was one of the justices who signed the order of relief, was also one of the directors of the Poor Asylum.

"An order of removal was in due form of law made to defendant Poor District, which was the place of legal settlement of the pauper.

"The order of relief appears to have been lost, and evidence of its contents was admitted, and testimony upon which it was granted.

"Upon the reargument the learned counsel for the defendant raised the following questions:

"First. There was not sufficient evidence given of the order of relief being lost to admit proof of its contents.

"Second. The parol proof shows that it was not properly granted, for the reasons: 1st. That J. Stevens, Esq., one of the justices of the peace who granted the order of relief was also one of the directors of the Poor Asylum to which the order was directed. 2d. That the pauper was not examined in the presence of both justices.

"The counsel for defendant also object that the order of

removal appears upon its face to direct a removal by 'the directors of the Auburn and Rush Poor Asylum,' based upon what the evidence declares to have been an order of relief directed to 'Directors of the Poor of Rush and Auburn.'

" The evidence of the existence of an order of relief, its presentation to the directors of the Poor Asylum, and their acting under it by taking the pauper and affording the necessary relief, is undisputed.   There was also sufficient evidence of the loss of this order of relief to justify the admission of parol evidence of its contents.

" As to the alleged discrepancy in the name of plaintiff, as set forth in the order of removal and in the testimony of one of the witnesses, as to what was the title of the Poor District in the order of relief, I regard it as entirely immaterial ; the recollection of any one as to the exact wording of any written instrument is almost certain to be defective, and the only question is whether the title of the plaintiff in this order of removal is correct.   It is not claimed it is not, and if it was not correct it could be amended.

" The objections to the order of relief rest entirely upon the alleged mistake of the justices who granted it in not listening together to the evidence upon which it was granted, and to the incompetency of one of the justices to grant the order.

" It is not, and could not be disputed but what the pauper was for the time being chargeable upon the Poor District, and that it was the duty of any two justices of the county, to whom the knowledge of the facts were properly brought, to issue an order of relief, and even if there had not been time for an order of relief to have been obtained, it was the duty of the directors of the Poor Asylum, under the facts established by the evidence in this case, to relieve the pauper, and as soon as possible obtain the order of relief.

" There is no charge of fraud upon the part of the justices who granted the order of relief, and the fact that the justices did not come together and hear the evidence of the pauper's necessitous condition, or that one of the justices was also a director of the Poor Asylum, did not vitiate the order of relief. Neither justice had any interest in the granting of the order, and the order of relief having been granted by two justices is conclusive of the fact that at that time the pauper therein

named was entitled to maintenance as a pauper: Overseer Laporte Boro. v. Overseer Hills Grove Township, 95 Pa. 269.

"The 19th section of the act of 1836 provides, upon an appeal from an order of removal, 'If there be any defect in form in such order the court shall cause the same to be amended without cost to the party and after such amendment, if the same be necessary, shall proceed to hear and determine the cause upon its truth and merits.'

"This case, upon its merits, shows a pauper having a settlement in defendant district; becomes for the time chargeable to plaintiff district; an order of relief issues by two justices directing plaintiff district to furnish relief—which they do, and then, in due form of law obtain an order of removal to defendant district.

"To set aside this order of removal upon the technical objections raised to the order of relief in this case would be to dispose of the case against its plain and undisputed truth and merits. We see no reason to change the affirmation of the order of removal in opinion filed March 26, 1894."

*Error assigned*, among others, was confirming order of removal.

*A. H. McCollum*, of *McCollum & Smith*, for appellant.—In making an order the justices act judicially: Directors of the Poor v. Davis, 2 Pittsburg, 36; Hower v. Lewisburg Poor District, 6 Pa. C. C. 667; Overseers of Porter v. Overseers of Jersey Shore, 82 Pa. 275; Directors of the Poor v. Worthington, 38 Pa. 160: Elk Twp. Overseers v. Jordan Twp., 10 Pa. C. C. 245; Poor Law, sec. 44, 1836, P. L. 550; 2 Am. & Eng. Ency. of Law, 63.

In the performance of a judicial act by two justices of the peace, there must be a joint action, and consideration by them; both must be present and hear at the same time the statements or evidence upon which their judgment is to be formed: Com. ex rel. Sheesley v. Martin, 1 Pearson, 32; Ex parte McDonald, 4 Luz. Leg. Reg. 255; Endlich on Interp. Statutes, sec. 428; Rapalje Law Dict., title "Judicial Acts;" 3 Jacob's Law Dict., title "Justices of the Peace," 608; 3 Binn's Justice, p. 501; 5 Jacob's Law Dict., title "Poor," p. 236; Overseers of Tioga

v. Overseers of Lawrence, 2 Watts, 44; Overseers of Washington v. Overseers of Beaver, 3 W. & S. 549.

One of the justices who was a director of the poor was disqualified to make the order: Overseers v. Baker's Exrs., 2 Watts, 282; act of June 13, 1836, P. L. 550; Windham v. Town of Wardsboro, 53 Vt. 675; East Union Twp. v. Ryan, 86 Pa. 465; 19 Am. & Eng. Ency. of Law, 562; 1 Dillon on Municipal Corporations, pars. 164, 166.

*G. P. Little*, *R. B. Little* with him, for appellee.—An order of relief is merely ministerial in its nature. Nothing is determined by it, except that the person applying for it is a pauper and accordingly entitled to relief, and is conclusive only as to that fact: Cumberland Twp. v. Jefferson Twp., 25 Pa. 465; Laporte Borough Overseers v. Hillsgrove Boro. Overseers, 95 Pa. 269; Lampeter Twp. v. Lancaster Borough, 2 Yeates, 164; Directors of the Poor v. Worthington, 38 Pa. 163.

The law requiring orders of relief is repealed by the act of May 13, 1879, P. L. 59; Overseers v. Baker's Exrs., 2 Watts, 280, was decided in 1834.

To set aside this order of removal upon the technical objections raised to the order of relief in this case, would be to dispose of the case against its plain and undisputed truth and merits: Reading Overseers v. Cumree Overseers, 5 Binney, 81; Cumberland Twp. v. Jefferson Twp., 25 Pa. 463; Limestone Twp. Overseers v. Chillisquaque, 87 Pa. 298.

PER CURIAM, April 1, 1895:

There was no error in affirming the order of removal complained of in this case. The assignments of error are overruled, and the decree is affirmed on the opinion of the learned president of the court below.