# In re Lunacy of Margaret Christy.   Appeal of Marion Township, Butler County, Pa., from Decree of Q. S. of Armstrong County.

*Poor law—Review by appellate court.*

In appeals on orders of removal and like proceedings under the poor laws where there is competent evidence, if believed, to sustain findings of fact, the conclusions of the trial judge as to the weight of testimony and the credibility of the witnesses are not reviewable.

*Poor law—Settlement—Married women.*

The settlement of a pauper is the place of his birth until he acquires another derivatively from his parents or by acts of his own. A married woman during coverture and after her husband's death is deemed to be settled in the place where he was last settled.

*Order of removal—Certificate of settlement—Act of April 22, 1863.*

Doubted whether an appeal lies from the quarter sessions to the Superior Court in a proceeding under the act of April 22, 1863, certifying the legal settlement of an insane person committed to a state insane asylum. The act of March 16, 1868, applies only to proceedings on appeal from orders of removal.

Argued May 11, 1896. Appeal, No. 5, May T., 1896, by Marion Township, Butler Co., Pa., from decree of Q. S. Armstrong Co., No. 15, June Sess., 1894, certifying said Marion township as the last place of legal settlement of Margaret Christy, a lunatic. Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ. Affirmed.

The opinion of the court below, RAYBURN, P. J., was as follows :

In determining the right of the parties in this controversy we have naught to do with the settlement of the pauper, Margaret Christy, prior to her marriage,—the evidence showing that John Christy, her husband, at the time of his marriage had a settlement either in Marion or Venango townships, Butler county. "A female who has a settlement exchanges it on her marriage for the settlement of her husband, if he has one; if he has none her maiden settlement remains until she acquires another: " Buffalo v. Whitedeer, 13 Pa. 182.

The only question as to settlement is, was the settlement of

John Christy, the husband, at the time his wife became a pauper, in Venango or Marion townships? We conclude from the evidence that it was in Marion township, Butler county, as that is the place of his birth. "The settlement of a pauper is the place of his birth until he acquires another derivatively from his parents or by acts of his own:" Toby v. Madison, 44 Pa. 60.

As far as the evidence shows John Christy did not acquire any settlement either derivatively or by acts of his own, other than that which attached to him by his birth. He did testify that he had rented the house on the Donley property in Venango township from one William Christy at the rate of $12.00 per year; that he resided thereon for two years and paid his rent in work. If this is correct he would have a settlement in Venango township; but William Christy testifies that John did live on this property under him, but that he never paid him anything on rent except $1.50. He says that John lived there nearly one year first, and then he moved away for one summer and part of the winter, and came back the next spring and staid three or four months. That during both times he was there that he paid but $1.50 rent, and that was in work; that John worked for him some few days, but that he paid him with groceries and flour out of the store. John Christy also testifies that he lived on this property under McBride for a period of two years and paid rent at the rate of $1.00 per month, or $24.00 in all. McBride testifies that he was on the farm for only seven months and paid rent to the amount of $4.00 in work, and that was all he paid, that he was in debt for rent $6.50 at the time he broke up housekeeping, and has never paid it yet; he was to pay $1.50 per month.

The evidence of John Christy as to the time he lived on this Donley property under Christy and McBride is contradicted by the evidence of his neighbor Thomas J. Campbell; and Campbell's evidence corroborates that of both William Christy and McBride as to the time of occupancy. It is evident that John Christy is mistaken not only as to the time he occupied the Donley property, but also as to the paying of rent. Were we to take this evidence as verity we must of necessity disbelieve the evidence of William Christy, Michael McBride and Thomas J. Campbell, and this we cannot do, even if they stood before us as men of equal veracity. The weight of the evidence is

strong against the claim that John had gained a settlement in
Venango township by payment of rent.   And in support of our
view of the incredibility of John's evidence and the credibility
of the other witnesses above named, the evidence shows that
John Christy was weak minded and scarcely responsible.   And
as bearing against the probability of his paying rent as he states,
the evidence shows that he was not industrious, was in need of
help, and received help from his neighbors—but we need not
discuss the evidence further; it is clear from it that John
Christy did not pay rent as he states.   Having found the facts
to be as above stated we must conclude, as a matter of law, that
John Christy's last place of legal settlement was, at the time
his wife became a charge upon the poor district of South Buf-
falo township, in Marion township, Butler county; and there-
fore the other rules, viz, those on the commissioners of Butler
county, Washington township and Venango township must be
discharged.

We doubt the propriety of the practice adopted in this case,
viz, that of obtaining at one and the same time rules upon so
many different districts.   A poor district upon which a pauper
becomes chargeable, if that is not his last legal settlement, must,
in order to get rid of the burden of maintaining him, take out
an order of removal and remove the pauper to his or her last
place of legal settlement.   Of course in this case, the pauper
being insane and confined in an asylum, could not be taken and
delivered in person to the overseers of the district liable for her
support.

Section 12 of the act of April 22, 1863, P. L. 539, relating to
the commission of insane persons to the Western Pennsylvania
Hospital, provides: " the county where such insane person had
a legal settlement or residence or from which he or she was
sent, or where the trial or proceedings were had under which
he or she was committed or sent to said hospital, as the case
may be, shall be liable to said hospital for the expense of his or
her care, etc.; but in all such cases the county so chargeable
shall have remedy over against the proper township, city or
poor district, when by existing laws such township, city or poor
district is liable for the support of such insane persons " . . . .
By this act the county of Armstrong is primarily liable to the
hospital for the expenses of caring for Margaret Christy, the

pauper in this case, with the remedy over as provided for in said section 12. We are of the opinion that the proper practice in such a case would have been for the overseers of the poor of South Buffalo township, when served with notice of the fact that the court had certified said South Buffalo township as the place of last residence of the pauper, to have answered that she had no settlement in said township, and shown where she had her last place of legal settlement; and having done so the court could certify that district as her place of last legal settlement, and the county of Armstrong would be bound to look to the district thus certified for reimbursement for the expenses incurred in maintaining her at the hospital.

Armstrong county is not a party to these proceedings; and as the record in this case thus far shows, said county could hold South Buffalo township poor district responsible for all payments made to the hospital in behalf of said pauper, as by section 1 of said act of 1863 the court has certified said South Buffalo township as the last place of residence of the pauper. If South Buffalo township is liable to the county of Armstrong, and Marion township, Butler county, is liable to South Buffalo township, it is rather a circuitous way of arriving at a proper adjudication of the rights of all concerned. But as there were no objections made by any of the parties interested as to the manner of proceeding to ascertain the last place of legal settlement of the pauper, we take it for granted that they are all content with the practice adopted, and desire a determination of the question by ascertaining which district is liable,—and we dispose of the matter accordingly.

And now, June 3, 1895, the rule upon the county commissioners of Butler county and the rules upon Washington and Venango townships are discharged, and the rule upon Marion township, Butler county, is made absolute. And said Marion township is hereby certified as the last place of legal settlement of the insane pauper, Margaret Christy. And it is further ordered that Marion township poor district pay the costs of these proceedings.

Venango township presented the following point:

2. Having been shown that Marion township was the place of birth of the husband of the pauper who takes her settlement through him, the burden is then upon Marion township to show

that the pauper has acquired a subsequent settlement in Venango township by one of the modes prescribed by the act of assembly, and nowhere does the evidence disclose that fact sufficiently to justify the court in finding that he ever acquired a settlement in Venango township, either by payment of rent, taxes, or in any other form.  *Answer :* Affirmed. [3]

*Error assigned* (3) affirming second point as above stated.

*Newton Black*, with him *S. F. Bowser*, for appellant.

*J. H. McCain*, of *McCain & Christy*, with him *James M. Galbreath*, for appellee.

PER CURIAM, July 16, 1896 :

This is an appeal from the order of the court of quarter sessions of Armstrong county, certifying that Marion township in Butler county was the last place of legal settlement of Margaret Christy, an indigent lunatic who is confined in the Western Pennsylvania Hospital.  The record shows that this order was made, after hearing, upon a rule to show cause, granted upon the application of the overseers of the poor of South Buffalo township, in Armstrong county, and duly served upon the overseers of the poor of Marion township.  No question is raised by counsel as to the standing or right of the overseers of South Buffalo to apply for the order, or as to the authority of the court to make it, if in fact and in law the last settlement of the lunatic was in Marion township.  The act of April 22, 1863, P. L. 539, authorizes the court of quarter sessions, under certain circumstances, to certify the legal settlement of insane persons committed to the hospital.  In the absence of objections upon this score to the regularity of the proceedings, we may assume that the order was made in the exercise of the jurisdiction thus conferred.

It is very questionable whether an appeal—in the sense in which that term was used prior to the act of May 9, 1889, P. L. 158—lies from such an order.  The act of March 16, 1868, P. L. 46, which is supposed to authorize and regulate it, applies in terms to proceedings on appeal from orders of removal, and it is only by treating this proceeding as a substitute for an order

of removal and an appeal therefrom—which it must be confessed requires a great strain—that the act of 1868 can be made applicable. If there is any other act which confers upon us appellate jurisdiction in such a case, which was not formerly exercisable upon certiorari, it has not been called to our attention.

But assuming that the case is properly here, and that the exception filed in the court below was intended to include the answers to the several requests for findings of fact and of law, let us look at the specifications of error. The first two relate to findings of fact; but as there was competent evidence, which, if believed, was sufficient to sustain them, the conclusions of the learned judge as to the weight of the testimony, especially as the credibility of the witnesses was involved, are not reviewable. Many of the decisions upon the question will be found collected in Spring Twp. v. Walker Twp., 1 Pa. Superior Ct. 383, and we need not go over the ground again. The finding complained of in the third specification is partly one of fact and partly one of law. So far as it is the latter it is but an affirmance of the propositions that a married woman during coverture, and after her husband's death, is deemed to be settled in the place where he was last settled (act of June 13, 1836, sec. 10, P. L. 524), and that the settlement of a pauper is the place of his birth until he acquires another derivatively from his parents or by acts of his own: Toby v. Madison, 44 Pa. 60; Wayne Twp. v. Jersey Shore, 81* Pa. 264. John Christy, the husband of the lunatic, was born in Marion township, and lived there with his parents until after he was twenty-one years old. In 1880 he married Margaret Miller, the lunatic, in Washington township, and in the same year he and his wife moved into Venango township. It is alleged by the appellant that he acquired a settlement in the latter township by leasing and payment of rent. The appellant's counsel frankly concede that this is the only question in the case. The evidence was conflicting, and after a very careful and painstaking review of it, the learned judge below found that John Christy did not pay rent so as to acquire a legal settlement in Venango township. This would seem to be conclusive of the question, unless the finding of fact can be overturned by us, which, as has been seen, cannot be done.

The order is affirmed and the appeal dismissed at the costs of the appellant.