Directors of the Poor and House of Employment in and
for Cumberland County, Appellants, *v.* The Overseers
of the Poor of Walker Township, Juniata County, Pa.

*Poor law—Removal of pauper—Weight to be given relief order.*

On the hearing of an appeal from an order of removal which alleges all
essential jurisdictional facts, the order of relief is generally received as
sufficient proof of the chargeableness of the pauper to the district obtain-
ing the order of removal and hence of the jurisdiction of the justices to
act in the premises.

*Poor law—Overseer's duty as to temporary relief.*

Where persons are proper subjects of an order of relief, the intention of
the person who acted on their behalf in obtaining it is immaterial; it
becomes the duty of the overseers to obey by furnishing necessary relief
until the last legal settlement can be ascertained and the paupers can be
removed thereto.

*Poor law—Settlement by tax payment—Presumption from voting.*

The fact that a person voted in a certain township does not in itself raise
a presumption that he had paid his proportion of any public taxes or levies
for two years successively. He may have voted illegally or his taxes may
have been paid by a political committee.

*Poor law—Settlement of wife follows husband's.*

The settlement of a married woman follows that of her husband and
this is as true of his quasi as of his legal settlement.

*Poor law—Settlement—Tenancy under act of 1836.*

In order to give a settlement under clause III., sec. 9, of the Act of
June 13, 1836, P. L. 542, the person must stand in the relation of a tenant
to the premises. One who makes a special contract with another person
for board in his family including food and lodging is not a tenant but a
boarder, and by no ingenuity can the contract be construed as a leasing
of real estate within the meaning of the statute.

Argued March 18, 1898. Appeal, No. 60, March T., 1898,
by directors of the Poor and House of Employment of Cumber-
land County, from decree of Q. S. Juniata Co., Dec. Sess., 1897,
No. 5, from order of removal. Before RICE, P. J., WICKHAM,
BEAVER, REEDER, ORLADY and PORTER, JJ. Affirmed.

Appeal from order of removal. Before LYONS, P. J.

The facts sufficiently appear from the opinion and decree of
the court below, as follows:

Dr. Philip A. Smith and family, consisting of his wife, Ida B. Smith and daughter, Margaretta Smith, became a charge on Walker township, poor district in Juniata county, Pa., an order for their relief having been issued by two justices of the peace of said county, May 31, 1897. Subsequently the overseers of the poor of Walker township discovered that Dr. Philip A. Smith had gained a settlement in Middlesex township, Cumberland county, and gave due notice to the directors of the poor and house of employment in and for Cumberland county, in accordance with the act of assembly, approved the 12th day of May, A. D. 1897, P. L. 63, that an order of removal would be applied for at the office of J. Frank Patterson, Esq., a justice of the peace in the borough of Mifflintown, on Saturday, July 17, A. D. 1897, at 10 o'clock, A. M., before two justices of the peace in and for Juniata county, to remove the said Dr. Philip A. Smith and Ida B., his wife, from the poor district of Walker township to the poor district of Cumberland county. A hearing on said application was had at the time and place mentioned in said notice, before J. Frank Patterson, Esq., and George W. Wilson, Esq., two justices of the peace, who granted an order for the removal of the said Dr. Philip A. Smith, Ida B. Smith his wife, and their minor daughter, Margaretta Smith, from the poor district of Walker township to the poor district of Cumberland county, which the said two justices adjudged to be the last place of legal settlement of the said Dr. Philip A. Smith, wife and daughter, in pursuance of which order of removal the said Dr. Philip A. Smith and Ida B. Smith, his wife, were removed to the poor district of Cumberland county on the 20th day of July, A. D. 1897.

From this order of removal the directors of the poor and house of employment of Cumberland county, appealed to the next court of quarter sessions of the peace in and for Juniata county, on the 6th day of September, A. D. 1897.

Dr. Philip A. Smith was born in Walker township, Juniata county, on the 4th day of May, 1861, and that was his legal settlement by birth. He has resided there during the greater part of his life. On the 2d day of August, 1888, he was married to Ida B. Bittinger, and of this marriage one child, Margaretta Smith, was born July 31, 1892.

In January, 1893, he removed with his family to Middlesex

township, Cumberland county, Pa., and it is admitted that he leased a house there from Mrs. Lydia Gill for a period of one year from April 1, 1893, to April 1, 1894, at a rent of $60.00 per annum; that he moved into said house in March, 1893, and moved from said house sometime in April, 1894, and that he paid Mrs. Gill either in services or money, $38.50, on account of the rent for said house. In this way Dr. Smith clearly gained a settlement in Cumberland county, and that is the last legal settlement of the said Dr. Smith, unless he subsequently gained a settlement elsewhere.

An attempt was made to show that he had subsequently gained a settlement in Walker township, Juniata county. First, by taking board and lodging in Mexico, Walker township, and remaining there more than one whole year; and second, by the payment of taxes for two successive years. The evidence shows that Dr. Smith and family came back to Juniata county in the latter part of June, 1894, poor and penniless; that they remained at the home of his mother-in-law, Mrs. Bittinger, in the borough of Thompsontown several weeks; that both he and his wife had become addicted to the excessive use of narcotic drugs; that his wife and child remained with her mother, and the doctor visited among his brothers and sisters and other relatives until January 6, 1896, when his brother John, in order to assist him to earn a living for himself and family, agreed to pay his boarding and lodging with his sister, Mrs. Susan B. Burris, in Mexico, Walker township, for five months, and his brother Amos furnished him with a horse and hay to feed the horse. In pursuance to this arrangement he went to board and lodge with Mrs. Burris January 6, 1896, and remained there until about April, 1897. His brother John agreed to pay Mrs. Burris $10.00 per month for his board, lodging and washing. This arrangement lasted three months. Then Mrs. Burris, being unable to do his washing, boarded and lodged him under this agreement with John Smith at the rate of $9.00 per month for two months longer, in all five months, when his brother declined to pay his boarding any longer. The doctor, however, remained with Mrs. Burris until April, 1897, and paid her on account of his board and lodging, about $40.00 in cash and labor and medicine. Counsel for Cumberland county poor district claim that the lodging was worth about one-third of the amount paid for board

306 CUMBERLAND CO. DIRECTORS v. OVERSEERS.

Opinion of Court below—Assignment of Errors. [7 Pa. Superior Ct.

and lodging, and that Dr. Smith thus gained a settlement in Walker township. But this is not sufficient to gain a settlement. The doctor did not rent or lease any part of the dwelling of Mrs. Burris. He had his own sleeping apartment and had a shelf put up in a room occupied by him in common with the family of Mrs. Burris and that was all. This was not such a lease of real estate as is contemplated by the act of assembly of June 13, 1836. He was merely a boarder and did not gain a settlement by residence with Mrs. Burris.

There is no evidence that he paid taxes for two years successively. The doctor testified that he did not pay any taxes after he returned from Cumberland county. There is nothing in the evidence that would warrant a finding that Dr. Philip A. Smith gained a settlement in Walker township subsequent to April, 1894.

. The following are therefore found as facts:

. 1. That Dr. Philip A. Smith was born in Walker township, Juniata county, on May 4, 1861, and had a legal settlement there which continued until he gained a settlement in Middlesex township, Cumberland county, Pa.

. 2. That he took a bona fide lease of a house and lot of ground in Middlesex township, Cumberland county, Pa., from April 1, 1893, to April 1, 1894, from Mrs. Lydia Gill at a rent of $60.00 per annum; that he dwelt in said house from the latter part of March, 1893, until sometime in April, 1894, more than one whole year, and paid $38.50 on account of said rent.

. 3. That the said Philip A. Smith never acquired a legal settlement after he left Cumberland county.

4. That Cumberland county is the last place of legal settlement of the said Philip A. Smith.

### CONCLUSIONS OF LAW.

. .1. That Dr. Philip A. Smith gained a settlement in Cumberland county.

2. That the order of removal in this case must be confirmed.

Cumberland county directors appealed.

*Errors assigned* were to the answers of the court to the points of fact and law presented by the plaintiff.

*R. W. Woods*, for appellants.—A settlement was gained in Walker township under the agreement with Mrs. Burris: Overseers v. Forest Co., 91 Pa. 404; Walker Overseers v. Marion Overseers, 148 Pa. 1; Allegheny City v. Allegheny Twp., 14 Pa. 138; Butler v. Sugarloaf, 6 Pa. 262.

The rent may be paid in labor, or otherwise, if the value of the equivalent amounts to the proper sum per annum: Beaver v. Hartley, 11 Pa. 254; Laporte v. Hillsgrove, 95 Pa. 269; Spring Twp. v. Walker Twp., 1 Pa. Superior Ct. 383.

An order of removal cannot be sustained on the unauthorized act of a voluntary friend: Edenburg Borough v. Strattanville Borough, 5 Pa. Superior Ct. 516.

The law requires a person who resides in a district a certain length of time to pay a state tax and county tax before he is entitled to vote, and Dr. Philip A. Smith having voted in Mexico, Walker township, Juniata county, it is presumed he fulfilled all the requirements of the law and by virtue of the same acquired a legal settlement in Walker township.

It is the general intendment of the law that everything is presumed rightly done unless the contrary be proved: Murphy v. Chase, 103 Pa. 260.

A legal settlement may be gained by payment of a county tax alone: Bucks Co. v. Phila., 5 S. & R. 417.

The wife's settlement follows that of her husband: Lunacy of Christy, 2 Pa. Superior Ct. 259.

*J. N. Keller*, for appellees.

OPINION BY RICE, P. J., May 9, 1898:

Before a pauper is removable it is necessary that he should have become, or be likely to become, chargeable to the district which undertakes to remove him, for unless this be the case justices have no jurisdiction, and for want of jurisdiction an order of removal will be quashed: Cumberland v. Jefferson, 25 Pa. 463.

But on the hearing of an appeal from an order of removal which alleges all the essential jurisdictional facts, the order of relief is generally received as sufficient proof of the chargeableness of the pauper to the district obtaining the order of removal, and, hence, of the jurisdiction of the justices to act in the prem-

ises : Milton v. Williamsport, 9 Pa. 46 ; Cumberland v. Jefferson, 25 Pa. 463 ; Laporte v. Hillsgrove, 95 Pa. 269, 278 ; Poor District v. Poor Asylum, 167 Pa. 254.   Two reasons are assigned by the appellants' counsel for denying the applicability of this general rule to the present case : first, because the order of relief was obtained for the purpose of having Dr. Smith and his wife placed in a hospital for care and treatment, and not for the purpose of making them pauper charges on the township of Walker; second, because Mrs. Smith and her daughter were never charges upon said township, they not residing in the township, and the order of relief having been applied for without their knowledge or consent.   But the court has found upon sufficient evidence that Dr. Smith and his wife and child were a poor and dependent family, and there is no finding, or sufficient evidence to warrant a finding, that the order of relief was obtained pursuant to any agreement, binding or otherwise, with the overseers of Walker township, that Dr. Smith and his wife should be placed in the hospital at Harrisburg.   As to the conclusiveness of the findings of fact, where there is competent evidence to support them, we need only refer to some of our own cases : Spring Township v. Walker Township, 1 Pa. Superior Ct. 383 ; Lunacy of Christy, 2 Pa. Superior Ct. 259 ; Elderton v. Plum Creek, 2 Pa. Superior Ct. 397 ; Overseers v. Overseers, 4 Pa. Superior Ct. 570, 573 ; Edenburg v. Strattanville, 5 Pa. Superior Ct. 516.   The fact being that the persons were proper subjects of an order of relief, the intention of the person who acted on their behalf in obtaining it is immaterial so far as the present inquiry is concerned. It was the duty of the overseers to obey it by furnishing them necessary relief until their last legal settlement could be ascertained and they be removed thereto.   As to the second objection it is to be remarked, that, while it is true that there is no finding that the order of relief was obtained by the express direction of Dr. Smith or his wife, there is no evidence to warrant an affirmative finding that it was obtained without their knowledge, much less against their consent.   Indeed their condition was such that some one must act on their behalf, and no person could more appropriately do so than his brother. The settlement of a married woman follows that of her husband, and this is as true of his quasi as of his legal settlement.

Hence when an order of relief for Dr. Smith and his family was placed in the hands of the overseers of Walker township where he resided, the overseers were justified in acting upon the presumption that both he and his wife were proper subjects of relief until they could be removed to their legal settlement, although for the time being she was living with her mother in an adjoining township. As between the two townships, Walker was properly chargeable until both could be removed.

This is not the case of a removal without a previous order of relief or notice to the party to be removed, or of an order of relief surreptitiously obtained for the mere purpose of preventing the party from obtaining a settlement in the district in which he resides. It is plainly distinguishable from Gilpin v. Parks, 118 Pa. 84, and our own case of Edenburg v. Strattanville, 5 Pa. Superior Ct. 516; and without further recital of the facts, which are fully and clearly set forth in the opinion of the court below, we conclude, that the court committed no error in point of law in holding, that Dr. Smith and his family were proper subjects of an order of removal.

The meritorious question in the case is whether they had acquired a legal settlement in Walker township. This is so clearly and satisfactorily disposed of in the opinion filed in the court below that little need be added by us. In order to give a settlement under clause III, section 9, of the Act of June 13, 1836, P. L. 542, the person must stand in the relation of a tenant to the premises. One who makes a special contract with another person for board in his family including food and lodging, is not a tenant but a boarder, and by no ingenuity can the contract be construed as a leasing of real estate within the meaning of the statute. A lease cannot fairly be implied where none was intended, and the fact that such person occupies a separate sleeping room does not warrant the implication that he is a tenant, there being in him no distinct and exclusive title to a particular part of the premises : Walker v. Marion, 148 Pa. 1.

The answer to the appellants' third point of law contains all that need be said concerning the proposition that Dr. Smith had gained a settlement by payment of taxes. The mere fact that he voted in the township would not raise the presumption that he had qualified himself by payment of taxes, especially

in the face of his uncontradicted testimony that he had not paid any.

The associate judges were present at the argument of the case, and when the opinion and findings of fact were filed and the decree was entered. There is nothing on the record nor indeed in the certificate of the president judge, to show that they did not concur either in the decree or in the findings on which it is based; therefore these must be taken as the action of the court and not of a single member thereof. It is none the less the decree of the court because the findings of fact and conclusions of law were framed, and reduced to writing by the president judge, and this is all that can be implied from his certificate.

It would unnecessarily prolong this opinion to discuss the twenty-five assignments of error separately. We have touched on the main questions discussed by counsel, and after a careful examination of all the assignments find no error calling for a reversal of the decree of the court below.

The decree is affirmed and the appellants directed to pay the costs.