## Central Poor District of Luzerne County *v.* The Directors of the Poor of Jenkins Township, Pittston Borough and Pittston Township, Appellants.

*Poor law—Husband and wife—Wife's settlement—Desertion of wife.*

A wife's settlement follows that of her husband's. If, therefore, a husband moves from one poor district to another, where he acquires a legal settlement, an allegation, even if proved, that the wife who remained behind was deserted by the husband, does not suffice to give the wife a settlement in the district of her residence, being the one from which the husband had moved.

*Poor law—Settlement—Laches of poor district.*

Where an insane married woman becomes a public charge on a poor district and the poor district neglects for two years to make inquiry as to the husband, who was liable to provide for his insane wife, such district is guilty of laches which cannot be visited upon the district where the husband, who had died in the meantime, had acquired a settlement.

Argued Jan. 11, 1897. Appeal, No. 17, Jan. T., 1897, by defendants, from order of Q. S. Luzerne Co., Sept. Sess., 1893, No. 463, on order of removal of Sarah Wall Ziegler, an insane pauper, and also approval in the same case. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Order of removal and order of approval in the matter of an insane pauper. Before LYNCH, J.

It appeared from the evidence that Henry Ziegler, Jr., and Sarah Wall, the pauper in this case, were married and resided in the borough of Pittston, the defendant district. They lived together there for some time, and about January 3, 1888, the husband moved to the borough of Wyoming, the plaintiff district, where he leased, occupied, paid rent for and kept a licensed hotel until September 23, 1892, when and where he died.

There was evidence tending to show that prior to said removal by the husband that he had deserted his wife. During his residence at Wyoming he was charged with and paid his proportion of the public taxes and levies therein for upwards of two years successively.

On September 24, 1891, Sarah Wall Ziegler, the wife and the pauper in this case became insane and chargeable to defendant, the Pittston district.

On September 19, 1893, an order of removal for the said pauper from the defendant to the plaintiff district was had, and on September 20, 1893, an order of approval for the maintenance of the pauper up to that time, both orders being duly issued by two justices of the peace having jurisdiction of the same.

On the last mentioned day said order of removal was served on plaintiff with an explanatory notice that actual removal of the pauper was impracticable and unnecessary, and that on the following day said order of approval was served on plaintiff.

September 23, 1893, the plaintiff took an appeal from said orders of removal and approval.

On March 23, 1896, the court, LYNCH, J., discharged the order of removal and sustained the appeal.   Defendant appealed.

*Errors assigned* were (1) error in refusing specifically to affirm defendant's request for findings of fact; (2) in refusing specifically to dispose of defendant's request for findings of law; (3) in refusing to find as requested in defendant's first request for finding of law, which reads as follows :  " That Wyoming borough in plaintiff district was Henry Ziegler, Jr.'s, last legal place of settlement, and therefore it was also the last legal place of settlement of his wife, Sarah Wall Ziegler, the pauper in this case;" (4) in entering a decree discharging the order of removal and sustaining the appeal therefrom; (5) in directing that plaintiff pay the bill of costs and charges incurred in the proceedings; (6) in not entering a decree confirming the orders of removal and approval and directing plaintiff to pay to defendant the amount set forth in said order of approval, together with such other charges, costs and counsel fees as should be considered just.

*C. Frank Bohan*, for appellants.—The first and second assignments of error should be sustained because it has been expressly ruled that a refusal to answer points submitted is good ground for exception: Peoples S. Bank v. Denig, 131 Pa. 241; Cambria v. Madison, 138 Pa. 109.

The other assignments of error all turn on the correct answer

to the question, whether Sarah Wall Zeigler shall be deemed to be settled where her husband was last legally settled: Act of June 13, 1836, P. L. 539; Poor District v. Danville, 106 Pa. 446.

The case of Overseers v. Overseers, 84 Pa. 429, cited in the opinion of the learned judge below, is not in point, because there the wife was divorced a mensa et thora from her husband, and it was on that ground the case was decided.

*D. L. O'Neill,* for appellee.—As to the effect of the desertion, cited, Act of May 4, 1855, P. L. 430; also Black v. Tricker, 59 Pa. 13; Ellison v. Anderson, 110 Pa. 486.

A divorced wife may gain a settlement: Overseers v. Overseers, 84 Pa. 429. And so also has it been declared in the case of a separation from a husband: Overseers v. Overseers, 20 W. N. C. 81. The same doctrine is enunciated in Mifflin v. Elizabeth, 18 Pa. 17; Washington Co. v. Mahaska, 47 Iowa, 57; Burlington v. Swanville, 64 Me. 78.

It was decided in Elk Twp. v. Jordan Twp., 10 C. C. 245, that, save in cases of emergency, an order of removal not founded upon a previous order of relief is void.

OPINION BY BEAVER, J., February 16, 1897:

There is no question as to the regularity of the proceedings in this case. The order of removal and the order of approval were both regularly issued by proper authority in proper form. The appeal from both was taken within the time prescribed by the statute. We have, therefore, to consider the two questions raised by the record, viz: the settlement of the pauper and the liability for the amount expended for her support up to the time of the order of approval.

Sarah Wall Ziegler, the pauper, became chargeable upon the defendant district September 24, 1891. At that time her husband was living and had an unquestioned settlement in Wyoming borough, which is a part of the plaintiff district, having acquired such settlement both by the payment of his proportion of public taxes for two years successively, and also by virtue of having taken a lease of real estate continuing for several years, the rental of which exceeded $10.00 per annum, and having dwelt upon the same for one whole year and paid the rent.

Under the tenth section of the act of June 13, 1836, P. L. 539, the wife's settlement was that of her husband, namely, in the plaintiff district, unless there be something in the case to render it exceptional. It is alleged, however, that Henry Ziegler, Jr., the husband, previously—in 1884—deserted her and that, although he removed to Wyoming borough in 1888, she remained in Pittston. It is further alleged that, by reason of such desertion, she acquired the right to gain a settlement of her own independently of her husband. Conceding this to be true and admitting that Henry Ziegler, Jr., had a settlement in the defendant district at the time of his removal to Wyoming borough in the plaintiff district, there is no evidence of any kind that she chose, even if she could choose, the former as the place of her settlement or that she gained an independent settlement by any of the means pointed out in the act of assembly. We take it, therefore, that the plain rule laid down in the 10th section of the act of 1836, supra, governs this case, and that the settlement of the wife followed that of her husband, and that, inasmuch as he had a settlement on the 24th of September, 1891, when the wife became a public charge, her settlement followed his and was in the plaintiff district.

It may be fairly questioned whether under the evidence Henry Ziegler, Jr., had himself any settlement in Pittston borough at the time of his removal to the borough of Wyoming. As we view the case, however, this is entirely immaterial for the reason that the wife, so far as the testimony shows, never by any act of hers gained any settlement independently of her husband, or indicated any intention of choosing any other than the one which he undoubtedly acquired as hereinbefore indicated in the borough of Wyoming (see Scranton Poor Dist. v. Danville, 106 Pa. 446), and although it has been held as in Overseers of Harmony v. County of Forest, 91 Pa. 404, that " Where an indigent insane person has no legal settlement in the commonwealth, that his place of residence shall be held to be his place of settlement; and, if the evidence fails to show a settlement, but a residence be proved in a poor district, said district is liable for the expenses, which liability can only be thrown off when said district discovers and adduces proof of his place of legal settlement," yet the fact of residence gives a right to relief only when no legal settlement exists within the

commonwealth.   It follows that the order of removal was well taken, and that Sarah Wall Ziegler had a settlement at the time she became a public charge, in the Central Poor District of Luzerne county, the plaintiff.

The appeal in the court below was taken from the order of approval as well as from the order of removal.   That appeal was properly sustained by the court below.   The pauper became a public charge September 24, 1891.   Being an insane person, she was immediately removed to the hospital for the insane at Danville.   The order of approval was not taken out until the 20th of September, 1893, nearly two years thereafter. Henry Ziegler, Jr., did not die until September, 1892.   If defendant had given plaintiff timely notice, the husband could no doubt have been compelled to provide for his insane wife.   The slightest inquiry on the part of the poor directors of the defendant district would have revealed not only the settlement of Henry Ziegler, Jr., but his ability to maintain his unfortunate wife.   No such effort seems to have been made.   It will be unfair, therefore, to visit the laches of the defendant district upon the plaintiff district.   We are of opinion, therefore, that the decree of the court below in regard to the order of approval should be affirmed.   It is, therefore, ordered, adjudged and decreed that the settlement of Sarah Wall Ziegler was at the time of the date of the order of the removal, namely, the 19th of September, 1893, in the Central Poor District of Luzerne county, and the order of removal taken by the directors of the poor of Jenkins township, Pittston borough and Pittston township on that day is confirmed, and the appeal taken therefrom by the Central Poor District of Luzerne county is dismissed, and the decree of the court below in relation thereto is reversed.

The appeal from the order of approval taken by the directors of the poor of Jenkins township, Pittston borough and Pittston township on the 20th day of September, 1893, by the Central Poor District of Luzerne county is sustained, and the decree of the court below in relation thereto is affirmed.   The costs in the court below to be equally divided between the plaintiff and the defendant; the costs of this appeal to be paid by the appellee.