## Poor District of the Borough of Edenburg, Appellant, v. Poor District of the Borough of Strattanville.

*Poor law—Settlement of paupers—Appellate jurisdiction—Practice, Q. S.*

Proceedings in relation to settlement of paupers cannot be reviewed by the appellate courts upon the merits ; such cases can be reviewed only upon such points of evidence or of law as have been excepted to and a general exception to the opinion of the court is not such exception to a point of law or evidence.

If a party desires to put his case in a position to be reviewed in the appellate court the court below should be called upon to answer specifically the points submitted. An unsatisfactory answer or refusal to answer them are equally grounds for exception.

*Poor law—Essentials to justify order of removal.*

It is undoubtedly necessary that a pauper before he is removable should have become or is likely to become chargeable to the district which undertakes to remove him, for unless this be the case justices have no jurisdiction and for want of jurisdiction an order of removal will be quashed.

*Order for removal—Laches.*

An order of removal cannot be sustained when based on the unauthorized act of a volunteer friend, secured without the knowledge or consent of a person who at the time of issue had for sixteen years been an inhabitant of the borough and for twelve years the undisputed owner in fee simple of unincumbered real estate and household goods of the value of $300 in the district and of which proceedings she did not have knowledge until after she had perfected her settlement by the payment of taxes for two successive years.

Where a district permits a possible pauper to remove and perform all that the state requires to gain a new settlement it is too late for the district to object that such settlement was not gained.

Argued May 5, 1897. Appeal, No. 153, April T., 1897, by plaintiff, from decree of Q. S. Clarion Co., Aug. Sess., 1895, No. 2, refusing order of removal. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Order of removal of Hettie Keatley. Before CLARK, P. J.

The facts sufficiently appear in the opinion of the court.

J. T. Maffett, Esq., who was appointed commissioner by the court below, reported in favor of refusing the order of removal at the cost of the Poor District of the borough of Edenburg.

Exceptions filed to the report of the commissioner were dismissed by the court below.

*Errors assigned* among others were (14) In the first conclusion of law, which finding is as follows: "That under the facts stated in the second and third paragraphs of the foregoing point of evidence said Hettie Keatley acquired a legal settlement in said borough of Strattanville, and the order of removal in this case should be affirmed and the appellants be ordered to pay the costs and expenses. *Answer:* Refused because she gained a later settlement in Edenburg borough." (15) In the second conclusion of law, which finding is as follows: "That there is not sufficient evidence in this case to show that Hettie Keatley acquired a later legal settlement than that acquired as

above stated in Strattanville borough. *Answer:* Refused."
(16) In the third conclusion of law, which finding is as follows:
"That the payment by Miss Hettie Keatley of the 1894 taxes
on December 11, 1894, or the 1895 taxes, after she was removed
to Strattanville borough, after she had become a public charge
on Edenburg borough, and continued to be, would not make
her legal settlement in Edenburg borough. *Answer:* Refused
as to the 1894 tax. Affirmed as to the 1895 tax." (17) In
the fourth conclusion of law, which finding is as follows: "That
the date when Miss Keatley became a public charge on Eden-
burg borough fixes the time where her last place of legal settle-
ment should be. *Answer:* Refused under the evidence in this
case. Her last place of legal settlement would be the one she
had at date of execution of order of removal." (18) In the
ninth conclusion of law, which finding is as follows: "That the
last place of legal settlement of Hettie Keatley is Strattanville
borough. *Answer:* Refused." (19) In answering defendant's
sixth point, which is as follows: "That said Hettie Keatley by
reason of the assessment and payment of the taxes as alleged
in the preceding point prima facie acquired a settlement in said
borough of Edenburg under the poor laws. *Answer:* Af-
firmed." (20) In affirming defendant's seventh point, which is
as follows: "That said Hettie Keatley by the assessment and
the payment of the taxes so charged against her for the two
successive years of 1893 and 1894, acquired a settlement in said
borough of Edenburg absolute and conclusive under the poor
laws, unless that district has proven by a preponderance of evi-
dence that at the time these taxes were assessed or paid she was
receiving aid as a pauper, i. e., a necessary subject of relief and
regularly a charge on said district under an order of two justices
procured by her or at her instructions or request." (21) In
answering defendant's eighth point, which is as follows: "If
relief were furnished Miss Keatley by the overseers of Eden-
burg borough, without an order of two justices issued prior to
January 1, 1895, in no event could furnishing or acceptance of
such relief hinder the operation of the statute giving her a set-
tlement at that date by the payment of the taxes of 1893 and
1894. *Answer:* Affirmed." (22) In answering defendant's
eighteenth point, which is as follows: "That the facts and
evidence that Hettie A. Keatley, a single woman, sixty-five

years of age, refined and highly intelligent, sensitive temperament, of many years' experience as a teacher, of Christian character, an authoress with copies of her books on hand for sale, with friends in all directions ever ready to aid her unsolicited, owner of unincumbered real estate, in undisputed occupancy of a dwelling house, duly appointed and furnished for her comfort and convenience, where she had resided for sixteen years, with provisions in store for immediate needs, and only five or six dollars in debt, led irresistibly to the conclusion that she did not knowingly and of her own volition make herself or suffer herself to be made a pauper or a borough charge, or procure or permit another to procure for her an order of two justices for that purpose, and not having done so, she was not such a charge without her knowledge or procurement, and not disabled from obtaining a settlement by payment of the two successive years' taxes of 1893 and 1894. *Answer:* Refused, except latter part as to taxes of 1893 and 1894, which is affirmed." (23) In answering defendant's nineteenth point, which is as follows : " That the lot of land owned by Hettie A. Keatley in her own name in the borough of Edenburg, having been included and assessed with a lot in the name of her sister, Jane Mendenhall, and two successive years' taxes paid on the whole, at a time when Hettie either paid the whole, or was liable to Jane for her proportion, would be such a charge and payment of her proportion of public taxes and levies as under the act would give her a settlement under the poor laws. *Answer:* Affirmed as an abstract proposition, but refused for the purposes of this case, for lack of sufficient evidence of actual payment." (24) In answering the defendant's twentieth point, which is as follows : " That under all the evidence in this case the order of removal should be discharged, the appeal sustained, and the poor district of Edenburg borough ordered to pay to the poor district of Strattanville borough her reasonable costs, charges for maintenance, and the costs of these proceedings. *Answer:* Affirmed." (25) In the order or decree in sustaining the appeal of the poor district of the borough of Strattanville from the order of removal of Hettie Keatley by Edenburg borough, which order or decree is in these words : " And now, February 9, 1897, after argument and upon due consideration thereof, the report of the commissioner, the points, and exceptions, for the

reasons set forth in the commissioner's report we sustain the rulings of the commissioner upon the points and exceptions of plaintiff and defendant. And it is adjudged and decreed that the report of the commissioner be and is hereby confirmed, and the order of removal reversed at the cost of the poor district of the borough of Edenburg, and it is further adjudged, ordered and decreed the said plaintiff, the overseers of the poor of Edenburg borough shall pay the costs of these proceedings, and the defendant's reasonable costs and charges in this behalf expended, and its reasonable costs and expenses in maintaining the said Hettie A. Keatley to the date of the decree in this case."

*Harry R. Wilson*, with him *Cadmus Z. Gordon*, for appellant.—Furnishing relief to a pauper in need of relief will prevent him from gaining settlement: 18 Am. & Eng. Ency. of Law, 800, and notes; Worcester v. Auburn, 86 Mass. 574.

A person does not acquire a settlement in a town by residing therein ten years together and paying taxes for five of those years if he received aid as a pauper from such town, before the expiration of the ten years: West Newbury v. Bradford, 44 Mass. 428; East Sudbury v. Sudbury, 20 Mass. 1, (note).

A settlement under the provisions of the Act of June 13, 1836, sec. 9, cl. 2, P. L. 542, cannot be gained by a payment of the taxes by one who at the time the taxes are paid is chargeable to and receiving aid as a pauper from another district: Overseers v. Overseers, 148 Pa. 380; Overseers v. Overseers, 114 Pa. 394.

A settlement under the provisions of the Act of June 13, 1836, sec. 9, cl. 2, P. L. 542, cannot be gained by payment of taxes by one who at the time the taxes are paid is receiving aid as a pauper under an order of relief from that district, pending removal, and who has a legal settlement at that time in and should be chargeable to another district: Overseers v. Overseers, 18 W. N. C. 141; Brady Overseers v. Clinton Overseers, 148 Pa. 311.

Where prior to the order of removal there has been an order of relief, it was conclusive evidence of the fact that the person had become chargeable and a pauper: Cumberland Twp. v. Jefferson, 25 Pa. 463; Overseers v. Overseers, 95 Pa. 269.

*Frank R. Hindman,* with him *J. A. F. Hoy*; for appellee.—
There is nothing before this court for review. The Supreme
Court has repeatedly decided that under the Act of March 16,
1868, P. L. 46, it cannot review the judgment below on the
merits. It can only notice decisions on such points of evidence
or of law, as have been excepted to upon the hearing and argu-
ment of the appeal before the court below : Lower Augusta v.
Selinsgrove, 64 Pa. 166 ; Cambria v. Madison, 138 Pa. 109;
Kittanning v. Madison, 146 Pa. 108; Spring v. Walker, 1 Pa.
Superior Ct. 383.

The only exception taken in the court below is as follows :
" And now, February 9, 1897, the counsel for Edenburg Poor
District prays that exceptions be allowed to the opinion and
decree of the court, and to the affirmance of the defendant's
points, the refusal to find the facts as stated by the plaintiff,
and the points of law refused on part of the plaintiff, which
prayer is granted, and exception allowed to the several matters
asked, and bills sealed for the plaintiff accordingly."

The points in plaintiff's assignment in the case in hand, are
not nearly so complete as those in Kittanning v. Madison, 146
Pa. 108, yet the court in that case say, " There is nothing in
this case for us to review : " Lower Augusta v. Selinsgrove, 64
Pa. 166 ; Kittanning v. Madison, 146 Pa. 108.

The obligation on plaintiff ceased as soon as Miss Keatley
could be removed, and when overseers make no effort to find
the place of settlement, they are guilty of such negligence as
disqualifies them from demanding reimbursement : Central Dis.
v. Jenkins Township, 4 Pa. Superior Ct. 16.

If it appear that plaintiff maintained Miss Keatley under the
assumption that she was settled in that district it will not save
them. The order of relief does not adjudicate settlement.
This case began at the date of the order of removal (June 28,
1895) : Central Dis. v. Jenkins, supra.

OPINION BY ORLADY, J., July 23, 1897 :

We are confronted with twenty-five assignments of error in
this case, and each is vigorously pressed upon the court for
consideration. The majority however relate to findings of fact,
which have been found by the commissioner, whose report is
confirmed by the court below.

The paper-book argument is not divided so as to apply separately to the specifications of error, which is a much more effective manner of presenting the argument, but it treats the whole subject in a general theme. We consider only the questions therein, which, to our mind, are material in determining the controversy.

In Cambria Co. v. Madison Twp., 138 Pa. 109, the Supreme Court determines the practice in cases of this character: " If there is anything settled in this state, in regard to this class of cases, it is that we cannot review them upon the merits ; that we can review such cases only upon such points of evidence or of law as have been excepted to ; and that a general exception to the opinion of the court is not an exception to a point of law or evidence : Lower Augusta v. Selinsgrove, 64 Pa. 166 ; Moreland Twp. v. Davidson Twp., 71 Pa. 371. If the appellant desired to have its case reviewed here, the court below should have been called upon to answer specifically the points submitted. An unsatisfactory answer or a refusal to answer them, would have been equally the ground of exception; we cannot blame the learned judge below for not doing what he apparently was not asked to do."

In Lower Augusta v. Selinsgrove, 64 Pa. 166, it is said that, " a point of evidence cannot by any latitude of construction be considered to mean whether the entire testimony makes out the case or proves the facts. It means evidently whether a witness offered is competent or whether evidence offered is competent or relevant as tending to prove any fact material to the issue. A point of law is a question of law applicable to the facts as they may be found by the court which the party may propose in the shape of a written point and require an answer."

This has been followed in all like cases in the Supreme and this court: Spring Twp. v. Walker Twp., 1 Pa. Superior Ct. 383 ; In re Lunacy of Christy, 2 Pa. Superior Ct. 259 ; Elderton Boro. v. Plumcreek Twp., 2 Pa. Superior Ct. 397.

The facts as found by the commissioner and the learned judge below are based upon ample evidence and we cannot review them upon the merits.

Hettie A. Keatley in 1876 having a complete legal settlement in the borough of Strattanville, Clarion county, removed to the borough of Edenburg, and began housekeeping with her widowed

mother in a property, the title to which, by deed dated June 30, 1876, was in her sister Jane Mendenhall, who in 1876 or 1877 became one of this family on account of the death of her husband. The mother died March 18, 1878, after which time the sisters continued to live together.

In 1880 Miss Keatley received $2,200 on the death of a relative in Ohio, and on December 24 of that year she purchased with her own funds and took title in her own name by deed duly recorded, to a lot of ground adjoining the Mendenhall lot on the north. The properties were used together without a division fence. They were assessed as one property in the name of Jane Mendenhall, but the taxes on the two properties for several years though assessed in the name of Jane Mendenhall were paid by Miss Keatley. The two sisters resided together in the Jane Mendenhall house sharing their living expenses without keeping accounts, though Miss Keatley used $1,500 of her own funds to pay the debts of her sister Jane Mendenhall.

Mrs. Mendenhall died February 4, 1892 and Miss Keatley continued to reside in the same property until she was removed to Strattanville. After the death of Mrs. Mendenhall the taxes against the Hettie A. Keatley lot were assessed against and paid by her. "1893, county $.25, school $.60, borough, $.15, poor, $.15, total $1.15. Paid to tax collector of Edenburg borough, December 1, 1893, and receipt by him to Hettie A. Keatley therefor."

She paid similar taxes for 1894 to the same person *December 11, 1894*, also for 1895 on September 12, 1895. The lot of ground is still owned by Miss Keatley, who is an educated unmarried woman, a teacher of fifty years' experience, by which art and some literary work she supported herself until the summer of 1894, when she became ill and was obliged to abandon her work.

She had in her home plenty of necessaries to meet her immediate wants and was not in debt more than ten dollars. Her only anxiety was in regard to the future.

On August 6, 1894, she was visited by the then burgess of the borough, who was a warm personal friend, and her situation was confidentially talked over. "Mr. Corlett advised her to accept some assistance from the poor fund of the poor district of Edenburg borough. She resented the suggestion. The inter-

view however resulted in her agreeing to accept some assistance if the matter were kept quiet. She did not understand that it meant going on the poor books as a pauper. In fact she knew nothing of the modus operandi of getting relief in this way and did not know for six months thereafter that she was, in any manner a pauper on the books of the poor board." After this visit on the same day Mr. Corlett made complaint under oath before a justice of the peace of the borough, " that one Hettie A. Keatley residing in said borough, is poor and indigent and unable to procure the necessaries of life by reason of sickness and other infirmities." Thereafter she received money at different times and in different amounts to date of March 11, 1895 aggregating $72.00 for which she receipted to an overseer of the poor of the borough, and which was regularly entered and charged to her on the poor book. In addition to the assistance furnished by the borough, she received contributions from friends from date of August 1, 1894 to August 1, 1895, the sum of $100.50 and some small amounts received for fancy work and for books sold of which she is the author.

The justice who received the complaint, made out an order of relief, using a form which assumed an *admitted settlement* in the district where it was issued, and had it signed by another justice and delivered it to an overseer of the poor. After some indefinite time the overseers concluded that the form of the relief order was not proper and one of them returned it to the justice who had issued it, so as " *to get another order of relief which should recite that the pauper had not gained a settlement in that district.*" The original order was never afterwards seen and it has been treated as lost. The accommodating justices issued another order of relief, and delivered it to the overseers, some time in the spring of 1895 though it bears date of August 6, 1895. On April 5, 1895, the borough of Strattanville was notified by the overseers of the poor of Edenburg borough that " Hettie A. Keatley formerly of Strattanville (a cripple) has been placed in the hands of the poor overseers of this borough on August 7, 1894. Upon investigation we find she is not a resident here under the poor laws, and claims she had a residence in Strattanville before coming here. This is to notify you of the fact as we do not want to put you to any unnecessary expense of us taking out an order of removal."

On June 29, 1895 an order of removal was issued by two justices and Miss Keatley delivered to the Strattanville authorities.   At which time she had in her possession $25.00 no part of which had been received from the poor fund of Edenburg.

The foundation of appellant's case under the facts as found by the commissioner and the court must be a proper order of relief, and it is admitted that the first step taken on August 6, 1894 was ; 1st, without the knowledge or consent of the alleged pauper ; 2d, that she was described as residing in the borough of Edenburg under section 1 of the act of June 13, 1836, which admitted a settlement therein and a consequent liability on the part of that district.   It was attempted to save the borough of Edenburg from the effect of this blunder by returning the order of relief and having the same justices issue a new or second one, without a new or further complaint, under section 5 of the same act, to include a material fact not mentioned in the complaint or in the original order and contradictory of both.   Under the 5th section the duty of the overseers was "to furnish relief to every poor person within the district not having a settlement therein, who shall apply to them for the relief until such person can be removed to the place of his settlement."

By this order of relief (issued some time in the spring of 1895 though dated August 6, 1895), it is sought to carry back the rights of Edenburg borough to August 6, 1894, so as to avoid the effect of paragraph 11 of section 9 of the act of 1836. A settlement may be gained in any district—"By any such person who shall be charged with and pay his proportion of any public taxes or levies for two years successively."   The taxes assessed against Hettie A. Keatley in the borough of Edenburg for 1893, were paid December 1, 1893, and for 1894 on December 11, 1894 nearly four months before the Edenburg overseers received or acted upon the new order of relief.   This is the earliest date they can claim it to have life, though wrongly dated four months later.   Her name was placed on the poor book August 7, 1894, and by virtue of the complaint an order of relief was issued the day previous by the two justices under section 6 of the act of 1836, viz :—"No person shall be entered on the poor book of any district, or receive relief from any overseers, before such person, or some one in his behalf shall have procured an order from two magistrates of

the county for the same." If proper order of relief is wanting, except in cases of emergency perhaps, the order of removal is void, and such legerdemain as. has been attempted in this case cannot be indorsed. The power of the overseers and justices is purely statutory and if they have no rightful jurisdiction, the question of jurisdiction may be raised at any time and in any form in which it may come before the court: Pantall v. Dickey, 123 Pa. 431. The appellant submits an argument of great research and learning to show that Hettie A. Keatley could do no act after August 7, 1894—when her name was placed on the poor book—to change her status as it then was, or to complete the gaining of a settlement by paying over her proportion of the taxes of 1894, although they were then (August 7, 1894), due and payable, and relies on the well decided principle— " a person who is chargeable to and receiving aid, as a pauper, from one district cannot acquire a settlement in another, so long as that relation exists,"—but the vital question lies behind this principle., Was she a pauper in contemplation of law on December 11, 1894 and are the proceedings regular to sustain her in that relation? While the commissioner finds as a fact that the first order of August 6, 1894 did exist as a paper, he says he so found from evidence " of a very unsatisfactory and contradictory character, and the testimony is justly discredited as unreliable." · He finds also that the order was never acted upon or used for any purpose and that it was returned to the authority issuing it. We accept the fact as the record has it, but whether existing or not, it cannot be contorted from an order based on the unauthorized act of a volunteer friend, secured without the knowledge or consent of a person who at the time of issue had for sixteen years been an inhabitant of the borough and for twelve years the undisputed owner by fee simple title of unincumbered real estate, and household goods of the value of $300 in the district; and of which proceedings she did not have knowledge until after she had fully perfected her settlement by the payment of taxes for two successive years, into a proper relief order for a poor person in the district " not having a settlement therein who shall apply to them for relief." As in Gilpin Twp. Overseers v. Parks Twp. Overseers, 118 Pa. 84, this proceeding was instituted in the fear that the pauper might become chargeable, and the order of removal was

made without notice to the person to be affected by it, and as in that case must be held void. Was she a pauper as of August 6, 1894, was the question of fact to be adjudicated; yet without notice or knowledge she is secretly placed on the poor book of the district in which she inhabits, to fix a settlement in a district in which she has not resided for sixteen years.

It is undoubtedly necessary that a pauper before he is removable should have become or be likely to become chargeable to the district which undertakes to remove him, for unless this be the case justices have no jurisdiction and for want of jurisdiction an order of removal will be quashed: Cumberland Twp. v. Jefferson Twp., 25 Pa. 463.

Appellant urges: "If any injury was done by the order of relief in this case an appeal should have been taken therefrom under section 44, act of June 16, 1836." Which order of relief, the one on which no action was taken, or the one bearing the erroneous date of August 6, 1895?

No one was aggrieved by the first, and neither of the parties aggrieved by the second knew of its existence until her settlement had been fixed by the payment of taxes for two successive years. The delay in giving notice to Strattanville of her circumstances and condition was inexcusable. The partial relief began August 7, 1894, and her name was placed on the poor book, the overseer of Edenburg was informed September 5, 1894 that she had formerly a settlement in Strattanville and notice to Strattanville was first given on April 5, 1895 three months after she had perfected her settlement in Edenburg. By the negligence of the overseers of Edenburg she was permitted to remain and to perform all that the statute required to gain a new settlement (payment of taxes December 11, 1894) and it is too late for Edenburg to object that such a settlement was not gained. . This truth applies with the same force in this case as in Scranton v. Danville, 106 Pa. 446, Lawrence Overseers v. Delaware Overseers, 148 Pa. 380, and as in Central District v. Jenkins Twp., 4 Pa. Superior Ct. 16. The slightest inquiry on the part of the overseers of Edenburg of Miss Keatley or Strattanville would have revealed the true settlement. No such effort was made. It would be unfair therefore to visit the laches of Edenburg upon Strattanville.

Miss Keatley was not lawfully receiving aid as a pauper prior

to December 11, 1894 and the cases of Lewisburg v. Milton, 18 W. N. C. 141, and Scranton v. Danville, 106 Pa. 446 and others, holding that a person who is chargeable to·and receiving aid as a pauper in one district cannot acquire a settlement in another, are not at all in conflict with the conclusions in this case.

The assignments of error from 1 to 13 inclusive are to the findings of fact on the merits and are not considered. Assignments numbers 19 and 20 are not properly assigned and numbers 14, 15, 16,.17, 21, 22, 23, 24 and 25 are overruled as in conflict with this opinion. The judgment is affirmed.