## Poor Overseers of Perry Township, Jefferson County, Pa., Appellants, v. Poor Overseers of Redbank Township, Armstrong County.

*Poor law—Appeals—Findings of fact by auditor reversed by the court below.*

Where the facts, in a pauper settlement case, have been determined by the court on testimony that is so contradictory as to result in different conclusions by the auditor and the trial judge who reviewed him, that these facts would possibly justify a finding in favor of either contention, the appellate court will not reopen the controversy, but will accept the findings of the court.

*Practice, Superior Court—Appeals—Points of evidence.*

Assignments of error are irregular which allege as error the refusal of the court of so-called points designated as "points of evidence," which

specify several facts claimed by plaintiff, which on competent evidence, were determined by the court in favor of defendant.

*Evidence—Point of evidence defined—Poor law.*

A point of evidence means whether a witness offered is competent, or whether evidence offered is competent or relevant as tending to prove a fact material to the issue.

Argued May 2, 1898.   Appeal, No. 30, April T., 1898, by plaintiff, from decree of Q. S. Jefferson Co., Feb. T., 1889, No. 21, discharging order for removal.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Appeal from order of removal.   Before CLARK, P. J.

It appears from the notes of testimony and the evidence taken before the auditor on appeal by defendant, from order of removal of one Belle Lindy from the poor district of Perry township, Jefferson county, to the poor district of Redbank township, Armstrong county, that the court below reversed the findings of the auditor and sustained the appeal taken by the overseers of the poor by that township.

It further appears from the notes of testimony that the evidence taken before the auditor was conflicting, the court below finding that the pauper was born in Mahoning township, Armstrong county, in 1860, but that John Lindy, the father, had acquired a legal settlement in Redbank township; that after Belle, the pauper, got old enough to work and prior to 1880, she worked away from home at different places, and that about 1880, with the consent of her father under contract of hiring, the said Belle went to live with one Andy Timlin, in Perry township, where she resided with the exception of a short temporary absence until 1887, when both became charges as paupers; that when she commenced to keep house for Timlin she was an unmarried person, but had an illegitimate child sometime while she was working for Timlin; that she was the only housekeeper he had, and that she kept the house in as good condition as it was possible for her to do under the circumstances; that she was a woman of ordinary size, a reasonably good housekeeper, although uncultured and without having opportunities for culture, and that generally speaking she was a good worker; that from early childhood she was weak and simple-minded,

and yet not incapable of taking care of herself on account of any infirmity of body or mind. That she had sufficient capacity, mentally and physically, to earn wages, and that she did earn wages, at least to the extent of her boarding and clothing when she worked for said Timlin and at various other places prior thereto. The court held as a conclusion of law that the pauper was not incapable of caring for and maintaining herself and that she was not an idiot, and that Perry township is her last place of legal settlement, and that the case is ruled on the question of capacity of pauper under all the law and facts.

The court below made an order sustaining the appeal of the overseers of the poor of Redbank township, and directed that the costs and charges incurred towards the relief of the pauper in Perry township between the time of undue removal and termination of this appeal, together with costs, be paid by the plaintiff. Plaintiff appealed.

*Errors assigned* were to the refusal by the court of certain points of evidence, it appearing that these points specified certain facts which were alleged by the plaintiff but which were determined by the court in favor of defendant on the evidence. The remaining assignments of error were based upon the application of law to facts which were not found by the court below.

*Winslow & Calderwood* and *Charles Corbet*, for appellant.— The appellate court will deal with exceptions to facts received in evidence and the deductions from them (Moreland Township v. Davidson Township, 71 Pa. 371), and we would not be here did we not believe the learned court erred in law.

Owing to Belle Lindy's mental lack she was incapable of acquiring a settlement for herself, but her settlement followed that of her father: Overseers v. Overseers, 3 W. & S. 548 ; Shippen v. Gaines, 17 Pa. 38 ; Loyalsock v. Eldred's Overseers, 154 Pa. 358.

During her minority the pauper did not gain a settlement independently, but remained settled where her father was settled : Overseers v. Overseers, 3 W. & S. 548 ; Lewis v. Turbut, 15 Pa. 145 ; Burrell Township v. Pittsburg Guardians of the Poor, 62 Pa. 472. The alleged hiring was not upon such a bargain as could have been enforced by suit: Overseers v. Overseers, 1 Penny. 408 ; Overseers v. Overseers, 2 Watts, 43.

"It has been repeatedly decided," says THOMPSON, C. J., in Burrell Township v. Pittsburg Guardians of the Poor, 62 Pa. 472, "and cannot now be a question, that children, until they have acquired legal settlements by their own acts, remain settled where born; the settlement of their parents being their settlement."

The service to give settlement must be continuous under continuous hiring, whether by one or more persons, for one whole year: Heidleburg v. Lynn, 5 Wharton, 430; Lewistown v. Granville, 5 Pa. 283.

There was not the least evidence that the alleged bargain between Lindy and Timlin was ever communicated to Belle Lindy. Without a knowledge of it and its terms she could not ratify it: Pittsburg and Steubenville Railroad Co. v. Gazzam, 32 Pa. 340; Porter v. Patterson, 15 Pa. 229; Market Co. v. Jackson, 102 Pa. 269; B. & O. Relief Assn. v. Post, 122 Pa. 579; Essick v. Buckwalter, 1 Mona. 209; Zoebisch v. Rauch, 133 Pa. 532; Frank, Liveright & Co. v. Martin, 26 W. N. C. 361; Owings v. Hull, 9 Peters, 607; Bennecke v. Ins. Co., 105 U. S. 355. There was not a particle of evidence that she did ratify.

The feeble trifling work she did would not raise an implication that she was to be paid for it, indeed defendant make no claim of that kind, and would not aid her in gaining a settlement (Moreland Township v. Davidson Township, 71 Pa. 371), but is attributable to her immoral relations with Timlin, and the position she occupied in consequence in the household.

*Alexander C. White* and *George A. Jenks*, for appellee.—A most cogent argument in this case is the per curiam opinion of the Supreme Court in case of Kittanning Twp. v. Madison Twp., 146 Pa. 108.

A point of evidence cannot by any latitude of construction be considered to mean whether the entire testimony makes out the case or proves the facts. It means evidently whether a witness offered is competent or whether evidence offered is competent or relevant as tending to prove any fact material to the issue: Overseers v. Overseers, 112 Pa. 99.

On a writ of error the Supreme Court cannot review the judgment of the court below on its merits, as on an appeal;

only the decision on such points of evidence or of law as have been excepted to can be noticed: Huston Twp. Poor District v. Benezette Twp. Poor District, 135 Pa. 393.

A general exception to the opinion and decree finding the facts and applying the law thereto, is not sufficient to enable the Supreme Court to review the case on its merits : County of Cambria v. Township of Madison, 138 Pa. 109 ; Overseers v. Overseers, 1 Pa. Superior Ct. 383.

A settlement may be gained in any district by an unmarried person, not having a child, who shall be lawfully bound or hired as a servant within such district, and shall continue in such service during one whole year : P. & L. Digest, 3549, sec. 143.

OPINION BY ORLADY, J., November 21, 1898 :

The facts of this case have been determined by the court on testimony that is so contradictory as to result in different conclusions by the auditor and the learned judge who reviewed him, and they would possibly justify a finding in favor of either contention.

We will not reopen the controversy, and we accept the findings of the court below as sustained under the evidence : Overseers v. Overseers, 112 Pa. 99; Huston Township v. Benezette Township, 135 Pa. 393; Poor District v. Poor District, 5 Pa. Superior Ct. 516.

The first six assignments allege that the court erred in the refusal of what the appellant designates as the plaintiff's points of evidence, and they specify the several facts claimed by the plaintiff, and which, on competent evidence, were determined by the court, in favor of the defendant.

Under the decisions this is irregular, and these assignments are not sustained, as they solely relate to controverted facts. A point of evidence evidently means whether a witness offered is competent, or whether evidence offered is competent or relevant as tending to prove any fact material to the issue: Lower Augusta v. Selinsgrove, 64 Pa. 166 ; Poor District v. Poor District, 5 Pa. Superior Ct. 516.

The remaining assignments are based upon the application of the law to facts which have not been found by the court, and as we accept the conclusions of the learned judge as being fully warranted by the evidence we do not see any error in the record, and the judgment is affirmed.