## Poor District of Galeton *v.* Poor District of Stewardson, Appellant.

*Appeals—Review of evidence in poor law case—Certiorari.*

The Superior Court has no jurisdiction to review the evidence on an appeal from an order certifying that an insane pauper was legally settled in a particular poor district at the time of his commitment to a hospital for the insane. If the proceedings are regular, and no error of law is apparent upon their face, the order will be affirmed by the appellate court.

Argued Oct. 31, 1901. Appeal, No. 32, Oct. T., 1901, by defendant, from order of Q. S. Potter Co., March Term, 1900, No. 37, certifying settlement of an insane pauper in the case of Poor District of Galeton v. Poor District of Stewardson. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to show cause why the poor district of Stewardson should not be certified as the legal settlement of Andrew Benson, a pauper lunatic in the insane asylum at Warren, Pa.

The court in an opinion by OLMSTED J., made the rule absolute.

*Error assigned* was the order of the court.

*C. L. Peck,* of *C. L. Peck & Son,* for appellant.

*Nelson L. Allen* and *John Dornan,* of *Dornan & Omerod,* for appellee.

PER CURIAM, November 11, 1901:

This is an appeal from an order certifying that Andrew Benson, an insane pauper, was legally settled in the defendant district at the time of his commitment to the hospital for the insane at Warren. Neither the jurisdiction of the court nor the regularity of the proceedings is questioned. The complaint is that under the evidence the court should have reached a different conclusion, and we are asked to review the case upon the evidence as if this were an appeal, giving to that term the mean-

ing ascribed to it prior to the Act of May 9, 1889, P. L. 158. But it is well settled that that act did not extend the right of review; it simply provided that the appellate proceedings theretofore taken by writ of error, appeal, or certiorari should thereafter be called by the same name. Prior to this statute the mode of reviewing a proceeding of this nature was by certiorari which did not bring up the evidence. The character and extent of appellate jurisdiction was not changed by the act of 1889, nor by the act creating the Superior Court. See Boro. of Colwyn v. Tarbotton, 1 Pa. Superior Ct. 179, and cases there cited; also Overseers of the Poor v. Knisely, 17 Pa. Superior Ct. 415. Even if by great liberality of construction the Act of March 16, 1868, P. L. 46, could be held to apply, the case is not in a position to be reviewed upon its merits. See Cambria County v. Madison Twp., 138 Pa. 109, Poor District of the Boro. of Edenburg v. Poor District of the Boro. of Strattanville, 5 Pa. Superior Ct. 516, and Poor Overseers of Perry Twp. v. Poor Overseers of Redbank Twp., 8 Pa. Superior Ct. 640. The proceedings being regular, and no error of law being apparent upon their face, the order must be affirmed.

Affirmed.