## Williamsport Overseers *v.* Eldred Township Overseers, Appellant.

*Poor law—Order of removal—Settlement—Burden of proof—Improper decree.*

1. On a petition for an order of removal of a pauper from one township to another, the burden of proof is on the petitioning township to show that the last legal settlement of the pauper was in the township to which the pauper is sought to be removed. If no such proof is furnished no order of removal can be made.

2. On a petition for an order of removal, a decree is not in proper form which merely says: "The order of removal is affirmed with costs."

Argued Feb. 25, 1913.    Appeal, No. 4, Feb. T., 1913, by defendant, from order of Q. S. Lycoming Co., Sept. Term, 1912, No. 17, directing removal of pauper in case of Williamsport Overseers of the Poor v. Eldred Township Overseers of the Poor.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Petition for order of removal.    Before WHITEHEAD, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*W. E. Ritter*, for appellant.—The burden of proof is on the township asking for a removal: Montoursville Boro. Poor Overseers v. Fairfield Twp. Poor Overseers, 112 Pa. 99; Moreland Poor Overseers v. Benton Overseers, 3 W. N. C. 20.

*John E. Cupp*, of *Sprout & Cupp*, for appellee.—The pauper is legally settled in Eldred township: Moreland Twp. v. Davidson Twp., 71 Pa. 371; Heidleberg v. Lynn, 5 Whart. 430; Briar Creek Township v. Mount Pleasant Township, 8 Watts, 431; Kelly Township v. Gregg Township, 2 Walker, 383.

The pauper had a quasi settlement in Eldred township: Moreland Twp. v. Davidson Twp., 71 Pa. 371; Taylor Overseers v. Shenango Overseers, 114 Pa. 394; Milton Overseers v. Williamsport Overseers, 9 Pa. 46; Kelly Twp. v. Union Twp., 5 W. & S. 535.

OPINION BY MORRISON, J., July 16, 1913:

This is an appeal from an order of the court of quarter sessions of Lycoming county, for the removal of George Hurr, a pauper, from the poor district of the city of Williamsport to the poor district of Eldred township in said county. The court below found the facts substantially as follows: Eight or nine years prior to 1912, George Hurr went to the home of H. H. Hartman, a farmer residing in Eldred township, and entered into an agreement with Hartman to make his home there and to work for Hartman for his board and clothes. While he was there at work Hartman occasionally gave him small sums of spending money. Under this agreement Hurr remained at Hartman's home and boarded with and worked for him during a period of about three years. About five years prior to the commencement of this proceeding, while at Hartman's home, Hurr suffered a stroke of paralysis which rendered him physically helpless so that he has ever since been unable to take care of himself and by the same stroke his mind was so destroyed that he has since been incapable of forming or expressing an intelligent purpose or intention of changing his home or settlement by going into another poor district for the purpose of gaining a bona fide settlement. That immediately after Hurr suffered said stroke of paralysis, his brother-in-law, Mr. Corter, removed him from the home of Hartman to Corter's home in the city of Williamsport; that at the time of such removal Hurr was in such helpless condition that he was unable to understand what was being done to him; that from the time of such removal said pauper was kept and cared for by Corter and his wife at their home in the city of Williamsport till the order of relief was taken

out, July 13, 1912, and that at no time since has Hurr been able to realize or understand where he was or by whom he was being kept. The order of removal from the poor district of the city of Williamsport to the poor district of Eldred township was regularly prayed for in pursuance of the Act of Assembly of April 6, 1905, P. L. 112. The first section of that act provides: "That a settlement may be gained in any poor district by any person, married or single, who bona fide comes to inhabit therein and continues to reside there for one year."

To sustain the order of removal in the present case it was necessary for the court below to find three essential facts: (a) That the pauper had been regularly and legally placed upon the poor district of the city of Williamsport. (b) That he had not gained a legal settlement in that district. (c) That his last place of legal settlement was in the poor district of Eldred township. As to proposition (a) no question is raised as both parties to this controversy conceded that the pauper was legally placed in charge of the overseers of the poor of the city of Williamsport.

The defendant's first point (first assignment) is: "The fact that the pauper, George Hurr, has become chargeable to the city of Williamsport, places upon the poor district of that city, the burden of showing that his legal residence is in Eldred township." The learned court said: "For the purpose of this case it is not necessary to decide whether there was a contract of hiring or whether the pauper's last place of legal settlement was in Eldred township." The Act of April 6, 1905, P. L. 115, is amendatory of the act of June 13, 1836, P. L. 539, and this act clearly provides for the removal of a pauper to the place where he was last legally settled. The Act of April 6, 1905, P. L. 112, also provides a method of removing a pauper from a district where he becomes chargeable to his last place of legal settlement. The latter act provides that this may be done by petition to the court and citation to the overseers of the district where the pauper is alleged to have a

legal settlement.  It was in pursuance of this act that the present proceedings were instituted.  The petition was for a citation to show cause why George Hurr, a pauper, who is now being furnished relief by the said overseers of the poor of the city of Williamsport should not be removed to the township of Eldred, the place of his legal settlement.  In view of the law and the facts found by the court we are at a loss to understand why the court refused to affirm the defendant's point quoted in the first assignment of error.  We cannot agree with the court below but on the contrary consider that it was absolutely necessary to determine whether or not the pauper had a legal settlement in the poor district of Eldred township and that upon this question the burden of showing such settlement rested upon the poor district of the city of Williamsport.  The first assignment of error is sustained.

The fifth assignment of error is quoted from the decree of the court below, which was excepted to, and it reads as follows: "For the purpose of this case it is not necessary to decide whether there was a contract of hiring or whether the pauper's last legal settlement was in Eldred township." Notwithstanding this ruling the learned court undertook to remove the pauper from the poor district of the city of Williamsport to the poor district of Eldred township on the very theory that the latter was the place of the last legal settlement of the pauper.  In our opinion the order of removal, under the facts in the present case, could only be made to the district of the last legal settlement of the pauper.  The law seems to be well settled that a pauper who becomes chargeable upon a township or district where he has no legal settlement cannot be removed to another township until his settlement is proved in such township or district: Overseers of Poor of Moreland Township v. Overseers of Benton Poor District, 3 W. N. C. 20; Overseers of the Poor of Montoursville Borough v. Overseers of the Poor of Fairfield Township, 112 Pa. 99. We think the learned court erred in that portion of the

decree which is quoted in the fifth assignment of error, and that assignment is sustained.

Under the findings of fact by the court below and the evidence, which is properly brought before us by exception, we are not prepared to say that the court erred as set forth in the second, third, fourth and sixth assignments. There is not sufficient before us from which we can determine that the court below erred in refusing the defendant's fifth point (second assignment). The third assignment complains of the refusal of the defendant's sixth point that "The residence of George Hurr, the pauper, in the city of Williamsport, for five years last past, gives him such legal settlement in the city as will make him chargeable to its poor district." In view of the facts found by the court we cannot say there is error in refusing this point. The fourth assignment complains of the refusal of defendant's seventh point that "Under all the testimony in this case, the finding of the court should be that the legal settlement of the pauper, George Hurr, is not in Eldred township." We are not prepared to say that the court erred in refusing this point. We are not convinced that the sixth assignment, which is a quotation from the decree, raises reversible error.

We are mindful of the rule of law that "On a writ of error the Supreme Court cannot review the judgment of the court below on its merits, as on appeal; only the decision on such points of evidence or of law as have been excepted to can be noticed:" Overseers of the Poor of Montoursville Borough v. Overseers of the Poor of Fairfield Township, 112 Pa. 99; Poor District of the Borough of Edinburg v. Poor District of the Borough of Strattanville, 5 Pa. Superior Ct. 516. An appeal in such cases under the modern practice is but a substitute for the former writ of error.

The seventh and last assignment is that the court erred in the following portion of the decree: "And now, December 18, 1912, the order of removal is affirmed with costs." This assignment raises both technical and sub-

stantial error.  First, at the time that order was made
no order of removal had been made either by a magis-
trate or by a court.  An order of relief had been made
requiring the overseers of the poor of Williamsport to
take charge of the pauper, and thereupon the said over-
seers petitioned the court below for an order of removal
and a citation was awarded as directed by the Act of
April 6, 1905, P. L. 112.  The question for decision was
whether or not an order of removal should be made trans-
ferring the pauper into the custody of the overseers of the
poor of Eldred township.  The court evidently intended to
grant an order of removal but inadvertently made the
order quoted in the seventh assignment.  If the parties
to this controversy had not treated this as an order of
removal we would not have considered this case as upon
a final order or decree.  Second, if we consider this as an
order of removal it is wrong in substance because the
court did not find that the pauper's last legal settlement
was in Eldred township and without this the decree of
removal is bad.

The first, fifth and seventh assignments of error are
sustained and all of the others are dismissed.

The order of removal is reversed at the cost of the
appellee, and a procedendo is awarded.